UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD ORIN WILLEY,

    Plaintiff,

v.                                                           Case No: 8:17-cv-1216-T-36AAS

ORION MARINE CONSTRUCTION, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant Orion Marine Construction, Inc.'s Motion for Judgment on the Pleadings as to Count IV of Plaintiff's Complaint for § 905(b) Negligence (Doc. 19), and Plaintiff's response in opposition (Doc. 27). In the motion, Defendant argues that Plaintiff's claim fails the "situs test" required under the Longshore Harbor Workers' Compensation Act, and therefore it is entitled to judgment as a matter of law. Under federal law, an injury must occur on the navigable waters of the United States, which includes the "high seas," to sustain a claim under the Act. Because the "high seas" do not include foreign territorial waters, and Plaintiff alleges that his injury occurred in the Dominican Republic, the Defendant is entitled to judgment as a matter of law. The Court, having considered the motion and being fully advised in the premises, will grant Defendant Orion Marine Construction, Inc.'s Motion for Judgment on the Pleadings as to Count IV of Plaintiff's Complaint for § 905(b) Negligence.

    **I.    Statement of Facts**[1]

---

[1] The following statement of facts is derived from the Complaint, (Doc. 1), the allegations of which the Court must accept as true and view in the light most favorable to the plaintiff in ruling on the instant Motion for Judgment on the Pleadings. *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014).

Plaintiff, Richard Orin Willey, a United States citizen, worked for Defendant Orion Marine Construction, Inc. ("Orion"), a Florida corporation. Doc. 1 at ¶¶ 1-4. On May 30, 2014, Willey sustained injuries during his employment with Orion while he was working on the construction of a dock facility in the Dominican Republic. *Id*. at ¶¶ 3-4, 29. Willey fell while on navigable waters of the Dominican Republic when he was attempting to cross from a tug to a barge. *Id*. at ¶ 4.

On May 23, 2017, Willey filed a four-count complaint alleging various causes of action, including one for negligence under the Longshore Harbor Workers' Compensation Act, ("LHWCA" or the "Act"), 33 U.S.C. § 905(b). Doc. 1. Willey dismissed the first three counts and only the LHWCA §905(b) claim remains. *See* Docs. 24, 26. Willey alleges that he is entitled to damages under LHWCA § 905(b) because Orion negligently operated the tug and the barge which caused his injuries. Doc. 1 at ¶¶ 29-30.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. In evaluating a motion for judgment on the pleadings, a court will accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia County,* 592 F.3d 1237, 1255 (11th Cir. 2010). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Interline Brands, Inc. v. Chartis Specialty Ins. Co.,* 749 F.3d 962, 965 (11th Cir. 2014). If there is a material dispute of fact, judgment on the pleadings must be denied. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

## III. Discussion

### a. Willey's Declaration is Inappropriate for Consideration

At the outset, the Court notes that Plaintiff filed the Declaration of Richard Orin Willey, (the "Declaration"), Doc. 27-1, in opposition to Orion's Motion.[2] Under Federal Rule of Civil Procedure 12, "[i]f, on a motion under Rule...12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The rule requires that "[a]ll parties...be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. Given that the standard for motions for judgment on the pleadings is akin to motions to dismiss, the Declaration is proper for consideration only if it meets one of the exceptions to Rule 12(d). The only applicable exception in this case would be that the Declaration is central to Willey's claim and its authenticity is not in dispute.[3] *See Esys Latin Am., Inc. v. Intel Corp.*, 925 F. Supp. 2d 1306, 1314 (S.D. Fla. 2013) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

Because the Court must either confine its consideration to the pleadings in its evaluation of the Motion, or convert the Motion into one for summary judgment, the Court will not consider the Declaration. It is not "central" to Willey's claim as contemplated by Rule 12(d); instead, it is responsive to the Motion. *See id*. (declining to consider a declaration filed in opposition to a motion for judgment on the pleadings and finding that it was merely responsive to the motion as opposed to being central to the complaint). *See also Adamson v. Poorter*, No. 06–15941, 2007 WL 2900576, at *3 (11th Cir. 2007) ("A document is not central merely because it is directly responsive to a

---

[2] Orion did not move for leave to file a reply or to strike the Declaration.
[3] There are two additional exceptions to this rule; when the court takes judicial notice of relevant public documents attached as exhibits under specific circumstances, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-79 (11th Cir. 1999); and when the court determines that the parties made all of the arguments and submitted all of the documents they would have presented had they received sufficient notice. *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985).

factual allegation.... [T]he foundation for a defendant's ability to introduce central documents at the motion to dismiss stage is that when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document....") (internal quotation marks omitted). In any event, the Declaration does not create a disputed material fact regarding Willey's satisfaction of the situs requirement.[4]

### b. Willey's injury does not meet the Act's situs requirement

The Act creates a comprehensive workers' compensation scheme which holds employers liable for securing the payment of compensation to qualified maritime employees injured in the course of their employment, irrespective of fault. *See Dir., Off. of Workers' Compen. Programs, U.S. Dept. of Lab. v. Perini N. River Associates,* 459 U.S. 297, 326 (1983); 33 U.S.C. § 904. This liability is "exclusive and in place of all other liability of such employer to the employee." 33 U.S.C. § 905(a). But section 905(b) of the Act authorizes certain covered employees to bring an action against the vessel as a third party if their employment injury was caused by the negligence of the vessel. *Id.* at § 905(b).

A plaintiff must satisfy four elements to receive compensation under the LHWCA. *Brooker v. Durocher Dock and Dredge*, 133 F.3d 1390, 1392 (11th Cir. 1998). First, he must be injured in the course of employment. 33 U.S.C. § 902(2). Next, the employer must have employees engaging in maritime employment. *Id*. at § 902(4). Third, the plaintiff must have been engaged in maritime employment (referred to as the "status requirement"). *Id*. at § 902(3); *Perini N. River Assocs.,* 459 U.S. at 317. Last, the injury must occur on the navigable waters of the United States including

---

[4] The Declaration mirrored the allegations in the Complaint and added the following facts: Orion owned the vessels which both bore the United States flag, Doc. 27-1 at ¶ 5; Willey's job in the Dominican Republic was temporary; he was filling in for another Orion employee, *id.* at ¶ 6; and during the nine years he worked for Orion, 90 percent of his work was in United States' territorial waters. *Id*. at ¶ 7.

any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel (known as the "situs" requirement). 33 U.S.C. § 903(a); *Brooker,* 133 F.3d at 1392.

After its inception, Congress broadened the Act's coverage to extend to maritime activities occurring on land near the water. *See Chesapeake & Ohio Ry. Co. v. Schwalb*, 493 U.S. 40, 46 (1989). And case law has interpreted the term "navigable waters of the United States" to include the "high seas." *See Kollias v. D & G Marine Maintenance*, 29 F.3d 67, 75 (2d Cir. 1994) (holding that the term "navigable waters" includes the high seas without qualification). "[T]he high seas are...international waters not subject to the dominion of any single nation." *United States v. Louisiana*, 394 U.S. 11, 23 (1969), *decision supplemented*, 394 U.S. 836 (1969), *decision supplemented sub nom. United States v. State of La.*, 525 U.S. 1 (1998).

Where, as in this case, the facts are not in dispute, satisfying the situs requirement under the Act is an issue of law. *See New Orleans Depot Services, Inc. v. Dir., Off. of Worker's Compen. Programs,* 718 F.3d 384, 387 (5th Cir. 2013) (citing *Perini North River Associates*, 459 U.S. at 300) ("[W]here, as in this case, the facts are not in dispute, '[LHWCA] coverage is an issue of statutory construction and legislative intent,' and should be reviewed as a pure question of law.").

Orion challenges whether Willey's allegations satisfy the Act's situs requirement. Orion relies on *Keller Found/Case Found. v. Tracy*, 696 F.3d 835 (9th Cir. 2012), for the proposition that the United States' "navigable waters" do not include foreign territorial waters and their adjoining ports and shore-based areas. Doc. 19 at 4. In *Keller*, the plaintiff, who worked primarily overseas, suffered an injury while working on a barge in Malaysia. *Id*. at 840. He filed a benefits claim under the Act, asserting coverage based on his assignment on a barge in Mexico, and in ports in Indonesia and Singapore. *Id*. Plaintiff appealed the administrative law judge's denial of

coverage. *Id*. Keller made an argument analogous to Willey's—that the navigable waters of the United States include the "high seas" which therefore includes "foreign territorial waters"—in support of coverage. *Id*. at 843. The Ninth Circuit rejected this argument; it relied on the presumption against extraterritoriality, examined the plain language of the statute, and concluded that "foreign territorial waters and their adjoining ports and shore-based areas are not the "navigable waters of the United States" as the Act defines that phrase. *Id*. at 846.

*Keller* recognized Congress' intent to extend the reach of the Act's coverage to the high seas but found "no indication at all, much less a clear indication, that Congress meant 'navigable waters of the United States' to include territorial waters of foreign sovereigns." *Id*. at 844 (citing *Morrison v. Nat'l Austl. Bank Ltd*., 561 U.S. 247 (2010)). *Keller* is persuasive, particularly in light of the Eleventh Circuit's silence on the issue.[5]

Willey argues that the Supreme Court has instructed courts to take an expansive view of the Act's coverage citing *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 274 (1977). He also relies on cases from the Department of Labor Benefits Review Board, the agency charged with interpreting the Act. He argues that it has found coverage under the Act for injuries occurring on the high seas, in foreign waters and on foreign land. Doc. 27 at 2 (citing *Reynolds v. Ingalls Shipbuilding Division, Litton Systems, Inc.,* 788 F.2d 264, 270 (5th Cir. 1986), *cert. denied*, 479 U.S. 885 (1986);[6] *Cove Tankers Corp. v. United Ship Repair*, 683 F.2d 38 (2d Cir. 1982); and

---

[5] The Eleventh Circuit has addressed whether the Act covers a claimant's injury with regard to the "adjoining area" portion of the situs requirement. *See, e.g., Bianco v. Georgia Pacific Corp*., 304 F.3d 1053 (11th Cir. 2002); *Ramos v. Dir., OWCP*, 486 Fed. Appx. 775, 777 (11th Cir. 2012).

[6] In *Hudson v. Schlumberger Tech. Corp*., 452 Fed. Appx. 528, 533 (5th Cir. 2011), the court noted that *Reynolds* was overruled by *Stewart v. Dutra Construction Co.,* 543 U.S. 481, 496 (2005) on grounds other than whether navigable waters included the high seas.

6

*Weber v. S.C. Loveland Co.,* 28 BRBS 321 (DOL Ben.Rev.Bd.), 1994 WL 712512 (Nov. 29, 1994)).

Decisions of the Benefits Review Board are entitled to deference. *See Mississippi Coast Marine, Inc. v. Bosarge*, 637 F.2d 994, 999 (5th Cir. 1981), *reh'g denied and opinion modified*, 657 F.2d 665 (5th Cir. 1981) [7] ("In questions of statutory interpretation, this [Court of Appeals] is required to give substantial deference to the interpretations of the administrative body charged with responsibility for applying the Act[.]"). *See also Mazariegos v. Off. of U.S. Atty. Gen.*, 241 F.3d 1320, 1327 n. 4 (11th Cir. 2001) (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ("[T]he interpretation of the statute by an agency entitled to administer it is entitled to deference so long as it is reasonable."). But the cases upon which Plaintiff relies are not binding on this Court and are otherwise unpersuasive.

Courts have acknowledged that Congress created an expansive view of the term "navigable waters of the United States" to permit a more uniform application of the Act. *See Kollias*, 29 F.3d at 75. The *Kollias* court concluded that the presumption against extraterritoriality applied, *id*. at 72, but that it was overcome by Congress' clear indication that it intended the Act to apply outside the United States. *Id*. at 73. But it did not go so far as to extend that term to specifically include foreign waters and ports. *See Keller Found/Case Found*, 696 F.3d at 844 (noting that plaintiff's argument that the "high seas" included foreign waters was an extension of the law that neither it nor any other circuit had previously adopted).

In *Reynolds*, the United States Court of Appeals for the Fifth Circuit extended coverage to a claimant injured during a ship's sea trials on the high seas. The court stated that employers should

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not be able to avoid liability by shifting into non-covered territory. It held that navigable waters may include the high seas because the term embodies the same distinction under the Act as it does under admiralty, i.e., the distinction between state waters and waters of the United States, and not between territorial waters and the high seas. 788 F.2d at 269–270. The court stated that had Congress wished to limit the Act's coverage, it could have used the term "territorial waters" instead of "navigable waters." *Id*. at 270.

In *Cove Tankers Corp.,* the United States Court of Appeals for the Second Circuit extended coverage to one worker injured, and another killed, while working on an employer's ship on the high seas. It noted that the injuries occurred onboard a vessel bearing the United States flag which moved from one United States port to another with no deviation, scheduled or otherwise, into the territorial waters of any foreign nation. 683 F.2d at 41. The court held that the Act should apply in some cases to waters farther than United States territorial waters to prevent employers from avoiding liability merely by deviating into non-covered territory. *Id*. at 42. The court found it significant that the claimants would not be covered by a state workers' compensation scheme, that there was no planned deviation of the ship into a foreign port, and that the trip was not planned for the high seas. *Id*.

In *Weber*, the Benefits Review Board allowed coverage under the Act for a longshoreman who was injured in a Jamaican port while unloading grain from a vessel that had been loaded in New Orleans. 28 BRBS 321 at *1. He testified that 90 to 95 percent of his work occurred within the United States. *Id*. The Benefits Review Board reversed the administrative law judge's denial of the claim based on the claimant's failure to meet the situs requirement. *Id*. at *9. The Benefits Review Board traced the history of the Act and its expansion and reviewed the treatment of injuries occurring in foreign territorial waters under other federal admiralty statutes by various courts. *Id*.

at *6. It concluded that the Courts of Appeals for the Second and Fifth Circuits' extension of the Act to injuries occurring on the high seas, and of other courts' extension of coverage to seamen or United States citizens injured or killed in foreign territorial waters under the Jones Act, 46 U.S.C. § 688 *et seq.*, and the Death on the High Seas Act, 46 U.S.C. § 762 *et seq.*, justified the Act's coverage of the claimant's injury in a port in Jamaica. *Id.* at *9. *See also Grennan v. Crowley Marine Services, Inc.*, 116 P.3d 1024, 1030 (Wash. App. Div. 1 2005) (relying on *Weber* and holding that plaintiff, a United States citizen based in the United States, who sustained an injury in the territorial waters of a foreign nation met the Act's situs requirement). Willey argues that this case is analogous to his, and requests that the Court adopt its reasoning and interpret the Act's definition of navigable waters to include foreign territorial waters.

Upon examining the legislative history of the Act, the policy considerations underlying the extension of the Act's coverage to the high seas, as well as comparing the facts of this case with those of cases in which coverage has been afforded to injuries occurring in foreign territorial waters as cited above, the Court concludes that the Act does not cover Willey's injuries. As noted in *Mitola v. Johns Hopkins U. Applied Physics Laboratory*, 839 F. Supp. 351, 362 (D. Md. 1993), the courts in the *Reynolds* and *Cove Tankers Corp.* cases stressed the "fortuity of the plaintiff workers' presence on the high seas" and emphasized that the facts of those cases were "highly unusual" and involved "special facts" upon which the courts rested their analyses. *Id.*

The *Mittola* court found that a plaintiff did not meet the situs requirement where his journey on the vessel both contemplated and necessitated his presence on the high seas. *Id.* Unlike *Reynolds* and *Cove Tankers Corp.* where the plaintiff just "happened to have been" on the vessel when it entered foreign territorial waters or deviated from its course on a voyage between two U.S. ports, the claimant in *Mittola* was part of a research mission destined for the high seas. *Id.* at 363. Under

9

those facts, the court declined to expand coverage of the Act. *Id*. Although recent case law has made it clear that the Act includes the "high seas," the *Mittola* court's analysis is persuasive as to whether the Act warrants an even further expansion of the term "navigable waters of the United States" to include foreign territorial waters. *See also Marroquin v. Am. Trading Transp. Co., Inc.*, 711 F. Supp. 1165, 1168 (E.D.N.Y. 1988) (distinguishing *Reynolds* and *Cove Tankers Corp.*, and finding that plaintiff's injury did not meet the Act's situs requirement because injury while on a vessel scheduled to sail through the Panama Canal made his presence on the high seas neither a fortuitous occurrence nor a deviation).

### IV. Conclusion

The Court, having giving due deference to the Benefit Review Board's interpretation of the Act, and reviewing the available case law, concludes, as in *Keller*, that the term "navigable waters of the United States" which includes the "high seas" does not include foreign territorial waters. Since Willey sustained his injury while in the waters of the Dominican Republic, his claim does not meet the situs requirement of the Act and Orion is entitled to judgement in its favor as a matter of law. Because Willey dismissed his remaining claims before this Court, no other matters remain for this Court's consideration.

**Accordingly, it is ORDERED AND ADJUDGED**:

1. Defendant Orion Marine Construction, Inc.'s Motion for Judgment on the Pleadings as to Count IV of Plaintiff's Complaint for § 905(b) Negligence (Doc. 19) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant Orion Marine Construction, Inc., terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 9, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any